| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN FLETCHER, | Case No. 1:22-cv-00249-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| CLENDENIN, *et al.*, | (ECF No. 1) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Plaintiff Allan Fletcher ("Plaintiff") is a civil detainee appearing *pro se* and *informa pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000). Plaintiff's complaint, filed on February 28, 2022, is before the court for screening.

**I.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Coalinga State Hospital in Coalinga, CA, where the events in the complaint are alleged to have occurred.  Plaintiff names as defendants: (1) Stephanie Clendenin, Director of Department of State Hospitals ("DSH"), and (2) Brandon Price, Executive Director as DSH-Coalinga.

Plaintiff alleges a violation of the Fourteenth Amendment Due Process clause for reasonable safety in confinement.  Plaintiff alleges that Defendants, collectively, subjected Plaintiff to conditions of confinement jeopardizing his health, safety, and well-being while being confined.  During Covid 19 and its resurgence, Defendants failed to assess Plaintiff and his peers for high risk underlying medical conditions in a highly condensed setting, for consideration for transfer or discharged to less condense, safer settings.  Defendant failed and continue to fail to implement appropriate measures to protect Plaintiff and others housed at DSH-Coalinga from Corona virus infection and reinfection. By Defendants' negligence, Plaintiff was exposed to Covid 19 and by negligence, were deliberately indifferent to his health and safety.

Plaintiff also claims a violation of a right to receive mental health treatment for failure to

2

provide mandated sex-offender treatment.  Defendants, collectively by acts and omission, subjected Plaintiff to unnecessary institutionalization by denying him access to State mandated sex offender treatment. Defendants failed to provide less restrictive alternatives for enrollment and completion of treatment for over two years.  Plaintiff has been denied, arbitrarily, the opportunity to enroll/advance in sex offender treatment and has been delayed an adequate, timely right to trial.  Defendants have hindered Plaintiff's goals to be treated and released and reintegrated into the community.

Plaintiff also claims a violation of the Equal Protection clause.  Defendant provided continuous treatment to offenders with mental disorders and inmates also housed at DSH-Coalinga by the Department of Corrections and Rehabilitation.  Defendants suspended adjunct treatment groups for Plaintiff and other similarly situated for over two years, while providing no least restrictive alternatives for treatment and enrollment and progress.  There was not a legitimate governmental objective for the unequal treatment.

Plaintiff seeks injunctive and declaratory relief.

### III.    Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.  Because he is proceeding pro se, Plaintiff will be granted leave to amend his complaint to the extent that he can do so in good faith.  To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

**A. Plaintiff Cannot Represent Other Civil Detainees**

It appears that Plaintiff is seeking to bring this action on behalf of other civil detainee.  A pro se plaintiff cannot represent anyone other than himself in a conditions of confinement suit. "A litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *see also McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (privilege to appear without counsel is personal to the litigant). "Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted). "[A]n inmate does not

have standing to sue on behalf of his fellow prisoners. Rather, the prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." *Weaver v. Wilcox*, 650 F.2d 22, 27 (3rd Cir. 1981) (citations omitted). Thus, "[i]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (citation omitted).

For these reasons, the Court must construe this action as an individual civil rights suit brought by Plaintiff alone.

**B. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.; see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is relatively short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff's allegations must be based on facts as to what happened and not conclusions. Plaintiff lumps all defendants together in the alleged wrongful acts. In particular, Plaintiff attributes all issues to the named defendants, but does not state what each person did or did not do which violated his constitutional rights. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

Further, Plaintiff attached over 160 pages of exhibits to the complaint. (ECF No. 1.) The Court will not sift through Plaintiff's exhibits to try and determine what role each defendant played in the alleged violation of Plaintiff's rights or how his rights were violated. In amending the complaint, Plaintiff should explain to the court what each defendant did rather than relying on

4

exhibits.

**C. Linkage Requirement**

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Plaintiff lumps all defendants into all of the allegations. In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

**A.  Federal Rules of Civil Procedure 18 and 20**

To the extent Plaintiff is attempting to join unrelated claims for denial of Due Process, he is informed that he may not join unrelated claims. Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  The "same transaction" requirement refers to similarity in the factual background of a claim.  *Id.* at 1349.  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not join an unrelated claim for failure to assess him for Covid with a claim for failure to provide mental health treatment, even if the claims are both potential Due Process violations. In any amended complaint, Plaintiff must choose which defendants and claims he

wishes to pursue in this action. If Plaintiff's amended complaint continues to improperly join claims and defendants, however, the Court will choose which cognizable claims, if any, that Plaintiff may pursue.

### E. Supervisor Liability

Insofar as Plaintiff is attempting to sue Defendants Clendenin or Price, or any other defendant, based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must...demonstrate that his deprivation resulted from an official policy or custom established by a...policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washin*gton, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See *Fayle v. Staple*y, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in

6

civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**G. Conditions of Confinement**

To state a claim that the conditions of his confinement violate his due process rights under the Fourteenth Amendment, plaintiff must allege facts showing the conditions amount to "punishment." *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004); *see also Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982) (requiring civil detainees be given "more considerate treatment" than criminal detainees). Punitive conditions of confinement are those that are either expressly intended to punish or those that are "excessive in relation to the alternative purpose [for confinement]." *Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004) (quoting *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)). "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 321-22, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982). A civilly committed individual's right to constitutionally adequate conditions is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. *Id.* at 315. To determine whether these substantive due process rights have been violated, the Court must balance the individual's "liberty interests against the relevant state interests." *Id.* at 320-21. The proper standard in determining whether a condition or restriction is constitutional for a civilly committed individual is whether "professional judgment in fact was exercised," rather than the "deliberate indifference" standard used for Eighth Amendment cruel and unusual punishment claims brought by prisoners. *Id.* at 312 n.11, 322. "[D]ecisions made by the appropriate professional are entitled to a presumption of correctness," and "liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323-24. The Ninth Circuit has analyzed such conditions of confinement claims under an objective deliberate indifference standard. *See Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (adopting objective deliberate indifference standard based on *Kingsley v. Hendrickson*, 576 U.S. 389

(2015), to evaluate failure to protect claim brought by pretrial detainee). That standard demands that:

>(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
>(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
>(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
>(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071.

COVID-19 poses a substantial risk of serious harm. See *Plata v. Newsom*, 445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). However, in order to state a cognizable Due Process claim, Plaintiff must provide more than generalized allegations that the defendants have not done enough regarding overcrowding or prison movement or housing assignment to control the spread. *See Booth v. Newsom*, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020); *see Blackwell v. Covello*, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the spread of COVID-19 in the prison); *Benitez v. Sierra Conservation Ctr., Warden*, No. 1:21-CV-00370 BAM(PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021), report and recommendation adopted, No. 1:21-CV-00370 NONE BAM(PC), 2021 WL 4593841 (E.D. Cal. Oct. 6, 2021) (Failed to state a claim on allegations that overcrowding/lack of distance between inmates has exacerbated the conditions leading to transmission of COVID. Plaintiff alleges that there is no way to socially distance, among other conditions.); *Sanford v. Eaton*, No. 1:20-CV-00792 BAM(PC), 2021 WL 3021447, at *7 (E.D. Cal. July 16, 2021), report and recommendation adopted in part, rejected in part, No. 1:20-CV-00792 NONE BAM(PC), 2022 WL 168530 (E.D. Cal. Jan. 19, 2022 (in order to state a cognizable Eighth Amendment claim against the warden, associate wardens and any other defendants named, Plaintiff must provide more than generalized

allegations that the warden, associate wardens and other defendants have not done enough regarding overcrowding to control the spread.)

The pertinent question in determining whether Plaintiff states a claim is whether Defendants' actions demonstrated "deliberate indifference" to that risk of harm. The key inquiry is not whether Defendants perfectly responded, complied with every CDC guideline, or whether their efforts ultimately averted the risk; instead, the key inquiry is whether they "responded reasonably to the risk." *See Stevens v. Carr*, No. 20-C-1735, 2021 WL 39542, at *4 (E.D. Wis. Jan. 5, 2021); accord *Benitez, v. Sierra Conservation Center*, 1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (same); *Sanford v. Eaton*, No. 1:20-CV-00792 BAM (PC), 2021 WL 3021447, at *8 (E.D. Cal. July 16, 2021) (same).

Plaintiff finds fault with how Defendants responded regarding assessing Plaintiff for risks and not moving Plaintiff to another facility. Plaintiff fails to allege facts to satisfy the above legal standards that any professional has failed to use appropriate professional standards in Plaintiff's conditions of confinement. The actions of Defendants may not have been effective or a "perfect response," but Plaintiff does not adequately allege that they were did not take reasonable available measures to abate that risk of the spread of the disease. Even if the response has been inadequate, "it has not disregarded a known risk or failed to take any steps to address the risk." *Wilson*, 961 F.3d at 843 (6th Cir. 2020); *Sanford v. Eaton*, No. 1:20-CV-00792 BAM (PC), 2021 WL 3021447, at *8 (E.D. Cal. July 16, 2021) (failure to state a claim where defendants were trying "alternatives" to manage the situation.); *Benitez, v. Sierra Conservation Center*, 1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (same).

Moreover, Plaintiff fails to attribute any specific conduct to these defendants, other than that they were supervisors.  As explained, *supra*, supervisor liability is insufficient to state a cognizable claim against these defendants.  The Court is not discounting Plaintiff's concerns about contracting COVID-19. His concerns are valid and significant. However, the allegations in the complaint do not suggest that Defendants disregarded the risk Plaintiff faced.

**H. Failure to Provide Mental Health Treatment**

Plaintiff alleges that Defendants failed to provide less restrictive alternatives for

enrollment and completion of treatment for over two years. "[T]he due process clause includes a substantive component which guards against arbitrary and capricious government action, even when the decision to take that action is made through procedures that are in themselves constitutionally adequate." *Halverson v. Skagit Cty.*, 42 F.3d 1257, 1261 (9th Cir. 1994), as amended on denial of reh'g (Feb. 9, 1995) (quoting *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1407 (9th Cir.1989). States are required "to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released," and to provide "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000) (citations omitted).

Although civilly detained persons must be afforded more considerate treatment and conditions of confinement than convicted defendants, where specific standards are lacking, courts may look to decisions defining the constitutional rights of prisoners to establish a floor for the constitutional rights of persons detained under a civil commitment scheme, *Padilla v. Yoo*, 678 F.3d 748, 759 (9th Cir. 2012) (citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007), vacated and remanded on other grounds by 556 U.S. 1256 (2009), and may borrow Eighth Amendment standards to do so, *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991), abrogated on other grounds by 511 U.S. 825 (1994). But the conditions under which civil detainees are held cannot be harsher than those under which prisoners are detained except where the statute itself creates a relevant difference. *Hydrick*, 500 F.3d at 989 n.7.

The Due Process Clause requires that the nature and duration of the civil commitment must bear some reasonable relation to the purpose for which the individual is committed. *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004). However, civilly detained individuals can be subject to restrictions that have a legitimate, non-punitive government purpose and that do not appear to be excessive in relation to that purpose. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "A reasonable relationship between the governmental interest and the challenged restriction does not require an exact fit, nor does it require showing a 'least restrictive alternative.'" *Valdez v. Rosenbalm*, 302

F.3d 1039, 1046 (9th Cir. 2002) (citations omitted). The only question is whether the defendants might reasonably have thought that the policy would advance its interests. Id.

Plaintiff may be able to state a claim for failure under the Fourteenth Amendment Due Process Clause which requires states to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released.  However, Plaintiff must state factual support for this claim. Plaintiff does not allege what treatment was provided.  It appears he was provided some mental health treatment because he merely alleges that "less restrictive alternatives for enrollment and completion of treatment" were imposed. Moreover, this claim is improperly joined with a claim for denial of Due Process related to Covid.

### I.   Equal Protection

The Equal Protection Clause requires the State to treat all similarly situated people equally. *See City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). This does not mean, however, that all prisoners must receive identical treatment and resources. *See Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972); *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Allen v. Toombs*, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that ' "the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,' " (citing see *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agr.*, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not stated a cognizable equal protection claim. Plaintiff does not allege that he was discriminated against because of his membership in any protected class. He also does not allege factual support that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose.  Plaintiff has not provided

11

any factual support for this claim.

**J. Declaratory Relief**

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

**K. Injunctive Relief**

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter, 555 U.S. at 20). The Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. *Zepeda v. United States Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir.1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983) (Federal courts are courts of limited jurisdiction and in considering a injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.) In any amended complaint, Plaintiff should allege the type of injunctive relief requested.  The injunctive relief Plaintiff is seeking may go beyond

what would be allowed as it must be narrowly tailored to address the violations of the rights at issue in this action and is too ambiguous and vague. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988). Therefore, the Court cannot grant broad requests for relief or requests based on the possibility of an injury.

### III.     Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief and fails to comply with Federal Rules of Civil Procedure 8, 18 and 20.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.,* 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal);

///

///

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **March 24, 2022**    /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE