# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN FLETCHER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CLENDENIN, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00249-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION<br><br>(ECF No. 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　Background**

Plaintiff Allan Fletcher ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

On March 24, 2022, the Court screened the complaint and granted Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal. (ECF No. 9.)

///

**II.     Motion for Preliminary Injunction**

Currently before the Court is Plaintiff's motion for a temporary restraining order and order to show cause re: preliminary injunction, filed March 21, 2022.  (ECF No. 8.)  Plaintiff states that he requests a temporary restraining order enjoining Defendants from continuing to violate Plaintiff's rights under the Fourteenth Amendment Due Process Clause and Equal Protection Clause.  Plaintiff includes a proposed temporary restraining order that orders Defendants to undertake the following:

1. Use all authority and procedures necessary under the law, including Governor Newsom's Executive Order (No. N-35-20), to expeditiously assess for transfer or discharge DSH-Coalinga patients to a less restrictive and congregate setting to alleviate crowded conditions;

2. Identify all patients vulnerable and at high risk to infection or reinfection with COVID-19 and its variants due to underlying medical conditions, utilizing current CDC Guidelines, and provide the court with a list of these patients;

3. Provide updates, no less frequently than monthly, to the Court concerning the transfer from DSH-Coalinga or discharge, of patients who are at high risk and medically vulnerable;

4. Immediately require all Level of Care (LOC) staff at DSH-C when submitting the Rapid Antigen Test, to wait the results <u>prior</u> to entry to the Secured Treatment Area (STA) and comingling with patients on housing units;

5. Immediately require all Level of Care (LOC) staff at DSH-C to desist from working overtime, or being directed, to "float" from quarantined to non-quarantined patient housing units with a sixteen (16) hour period;

6. Immediately provide to all DSH-Coalinga patients the N-95 face mask (without removal of any parts or alterations) to reduce COVID-19 exposure; and ensure that all DSH-C staff working the Secured Treatment Areas of patient housing, be mandated to properly wear and be completely garbed with the Personal Protective Equipment, to include: face shield, N-95 mask, latex gloves, surgical gown, and shoe coverings, without parts removed or items altered;

7. Immediately require that all LOC staff at DSH-C shall on each shift sanitize all high-touch areas such as telephones, tables, chairs, door knobs, hand rails, counter tops, microwave, sinks, refrigerator, ice-machine, wheelchairs, walkers, Vitals machines, etc., and cleaning shall include sweeping, mopping of common areas and hallways, removal of trash, and cleaning and sanitizing patient restrooms and showers on a daily basis;

    8. Immediately restore access to all previously suspended adjunct sex-offender treatment groups, including alternative treatment options such as independent study and out-patient treatment; to also include providing textbooks and qualified licensed facilitators, as well as a realistic treatment plan highlighting a viable pathway to release; and, ensuring all patients have access to no less than two hours twice a week for SOTP treatment, and no less than two (2) hours per adjunct group;

(ECF No. 8, pp. 31–32 (unedited text).)

The proposed temporary restraining order further provides:

    A. This Court appoint an independent monitor, or special master, to ensure compliance with the Court's order, and provide that the monitor be given access to units, to transfer or discharge discussions and documents, confidential communications with Plaintiff and others similarly situated at DSH-Coalinga, to report on: 1) the adequacy of Defendants' actions to effectuate safe transfer or discharge of patients, and 2) the adequacy of conditions of confinement, policies, practices and precautions taken to ensure the health, safety, and medical wellbeing of all patients and staff of the facility;

    B. This Court shall retain jurisdiction of this case until Defendants have fully complied with the within orders of the Court, and there is a reasonable assurance that Defendants will continue to comply in the future absent the Court's continuing jurisdiction;

    C. It is further ordered that the Temporary Restraining Order shall expire on:
        And is further ordered that copies of the complaint, motion, declarations, exhibits, and memorandum of points and authorities, and this order to show cause and temporary restraining order be served on all parties on:
        Not later than:

    D. Grant any further relief as the Court may deem just and proper.

(*Id.* at 32–33 (unedited text).)

The Court construes the request as a motion for preliminary injunction.

**A.     Legal Standards**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

3

favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

**B.      Discussion**

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As explained above, the Court did not find that the complaint stated any cognizable claims. As Plaintiff has not yet filed a first amended complaint for screening, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has

been ordered served, and no defendant has yet made an appearance.  Thus, the Court at this time lacks personal jurisdiction over Defendants or any other staff at the Department of State Hospitals or DSH-Coalinga.

Finally, although Plaintiff has set forth serious allegations regarding the actions of defendants named in this lawsuit, Plaintiff has not demonstrated that any relief sought is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *See* 18 U.S.C. § 3626(a)(1)(A).  In his motion, Plaintiff is requesting that the Court interfere with the Department of State Hospitals' administration in determining the housing and transfer of patients, staffing assignments, and patient programming, as well as to appoint a special master to monitor DSH's compliance with such orders.  Such relief cannot be granted.  Although the Court understands that Plaintiff is raising serious allegations regarding possible violations of Plaintiff's rights, and the rights of other patients at DSH-Coalinga, the relief requested here is not the least intrusive means necessary to correct any potential violation.

Finally, the Court notes that Plaintiff is requesting relief on behalf of other civil detainees by bringing this action as a purported class action.  As discussed in the Court's screening order, Plaintiff may not represent other civil detainees, and therefore may not request relief on behalf of all civil detainees housed in DSH facilities or housed at DSH-Coalinga.  *See Russel v. United States*, 308 F.2d 78, 79 (9th Cir. 1962).

**III.    Order and Recommendation**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for temporary restraining order, (ECF No. 8), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 25, 2022**        /s/ Barbara A. McAuliffe
                                 UNITED STATES MAGISTRATE JUDGE