# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN FLETCHER,<br><br>            Plaintiff,<br><br>    v.<br><br>CLENDENIN, *et al.*,<br><br>            Defendants. | Case No. 1:22-cv-00249-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>(ECF No. 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Allan Fletcher ("Plaintiff") is a civil detainee appearing *pro se* and *informa pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000). The Court screened Plaintiff's complaint and was granted leave to amend. Plaintiff's first amended complaint, filed on April 25, 2022, is before the court for screening.

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at Coalinga State Hospital in Coalinga, CA, where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) Stephanie Clendenin, Director of Department of State Hospitals ("DSH"), and (2) Brandon Price, Executive Director as DSH-Coalinga. Both Defendants are sued in their official capacities.

Plaintiff alleges Due Process violations. Defendants Clendenin and Price subjected Plaintiff to unnecessary institutionalization amounting to impermissible punishment by denying him access to state mandated sex offender treatment. They have failed to provide less restrictive alternatives for enrollment and completion in treatment. By denying treatment Plaintiff has been denied adequate, timely and meaningful means to his right to trial. Defendants have hindered his opportunity for release and reintegration into the community.

Defendants are responsible for the health and safety of DSH-Coaling patient population to receive care and treatment. In 2011, Plaintiff was transferred for care and treatment to DSH-Coalinga where Plaintiff enrolled in sex offender treatment program (SOTP). Plaintiff advanced through the modules and was poised to advance to Module 3 in early 2020 when Covid-19

pandemic emerged.  The Governor ordered, by Executive Order N-35-3030, Defendant Clendenin to provide continued and uninterrupted care and treatment for mental health patients.  Contrary to orders, Clendenin drastically reduced treatment options and barred Plaintiff from moving freely through the facility by establishing "modified programming."  This programming was implemented by Defendant Price and resulted in Plaintiff being restricted to his home unit with negligible access to law library, postal service, copying, canteen, education and other restrictions.

Neither Clendenin nor Price have indicated when Plaintiff can enroll in offense specific treatment programs.  They are not psychologists or psychiatrists or have other training to make this decision.  Plaintiff's treatment plan consists of three components: SOPT, individual therapy, and offense specific adjunct groups.  Administrative guidelines by DSH prescribed SOTP as the primary treatment regime.  Plaintiff had been participating, pre-pandemic ,and had been encouraged by progress in one-on-one therapy with SOTP license facilitators.  Plaintiff can no longer advance due to the suspension of treatment programs by Clendenin and Price.

Eventually, groups of SOTP were reinstated but with drastically decreased requests to once a week and reduced class time.  Treatment staff have been reassigned to other units or left the facility under the direct authorization of Defendant Price.  Plaintiff's unit is being understaffed which has interrupted the continuity of his treatment progress, reducing the rapport and trust with new facilitators.  Groups are held in small rooms which are crowded, poorly ventilated and no social distancing.  Groups are not focused and do not follow the program workbooks.  There's no structured syllabus, homework or participant presentations.

Plaintiff's adjunct treatment groups have not been convened since March 2020.

DSH chief psychologist Dr. Fulton proposed to resume treatment and provide patients with access to adjunct groups and other treatments.  Plaintiff alleges that "Defendants' own collaborative decisions were to negate the facilitator's approach to providing a restored adjunct treatment plan as their mandate requires." Plaintiff also proposed his own ideas and concerns for resuming treatment, such as video conferences, hold therapies in auditorium rooms. etc. Defendant Clendenin and Price did not respond to Dr. Fulton's or Plaintiff's suggestions. Plaintiff's normal 2-hour/twice weekly session have been suspended.

Defendants have failed to provide the necessary and proper means to treat Plaintiff as statutorily mandated. Clendenin and Price have suspended Plaintiff's treatment plan and have violated his due process rights for a meaningful progress that is necessary and proper for him to advance to trial. Their acts have deprived Plaintiff of his ability to marshal evidence of his treatment progress and potential cure to demonstrate to state evaluators to determine if Plaintiff continues to meet the Sexually Violent Predator criteria. Plaintiff alleges that he has been deprived of his liberty interest as he has now been institutionalized for a decade and two years have been lost.

Due to the changes in the SVPA, Plaintiff no longer has the right to a trial (and potential release) every two years, which has been increased to an "indefinite term" of commitment. Plaintiff has a single opportunity to present a defense of his documented treatment progress, but Defendants have placed impassable obstacles on him. Defendants knew or should have known they have deprived Plaintiff for two years of the ability to develop an evidentiary record of his treatment progress. Judges and DA's ask about adjunct group treatment which Clendenin and Price have suspended. Plaintiff cannot document critical benchmarks associated with a decrease in his risk of recidivism. Plaintiff believes that DSH facilitators, Department of Corrections and Rehabilitation and various county jails are providing SOTP treatment and adjunct groups to Plaintiff's criminal counterparts. Absent adequate treatment, Plaintiff could be held indefinitely as a result of the alleged mental disorder. Defendants are using Plaintiff's condition of confinement for the forbidden purpose of punishment which does not meet the minimal standards of treatment and structured protocol. Plaintiff alleges he has been subjected to punitive confinement.

As relief, Plaintiff seeks a declaration of rights, that treatment groups be reinstated, that Defendants provide a minimum of 7.5 hours of core group therapy per week for 90 minutes per session, that sessions be consistent with professional standards and fully staffed with properly trained and licensed clinical staff.

Plaintiff seeks only declaratory relief and injunctive relief against the Defendants in their official capacities.

**III.     Discussion**

**A.      Due Process - Conditions of Confinement**

To state a claim that the conditions of his confinement violate his due process rights under the Fourteenth Amendment, plaintiff must allege facts showing the conditions amount to "punishment." *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004); *see also Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982) (requiring civil detainees be given "more considerate treatment" than criminal detainees). Punitive conditions of confinement are those that are either expressly intended to punish or those that are "excessive in relation to the alternative purpose [for confinement]." *Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004) (quoting *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)). "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 321-22, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982). A civilly committed individual's right to constitutionally adequate conditions is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. *Id.* at 315. To determine whether these substantive due process rights have been violated, the Court must balance the individual's "liberty interests against the relevant state interests." *Id.* at 320-21. The proper standard in determining whether a condition or restriction is constitutional for a civilly committed individual is whether "professional judgment in fact was exercised," rather than the "deliberate indifference" standard used for Eighth Amendment cruel and unusual punishment claims brought by prisoners. *Id.* at 312 n.11, 322. "[D]ecisions made by the appropriate professional are entitled to a presumption of correctness," and "liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323-24. The Ninth Circuit has analyzed such conditions of confinement claims under an objective deliberate indifference standard. *See Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (adopting objective deliberate indifference standard based on *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), to evaluate failure to protect claim brought by pretrial detainee). That standard demands

that:

    (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

    (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

    (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

    (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071.

To the extent Plaintiff is alleging a conditions of confinement claim, that claim fails. Plaintiff does not allege factual support for such a claim, other than groups were held in a small room with no social distancing and that he was limited in his movement around the facility. For instance, Plaintiff does not allege how often these meetings occurred or if he was harmed from close confinement. Moreover, Plaintiff fails to attribute any specific conduct to these Defendants, other than that they were supervisors. Supervisor liability is insufficient to state a cognizable claim against these defendants. As Plaintiff was previously informed, he must allege sufficient factual support for his claim. Plaintiff failed to cure this deficiency.

        **B.    Due Process - Failure to Provide Mental Health Treatment**

Plaintiff alleges that Defendants failed to provide mental treatment for two years due to their policies eliminating treatment. "[T]he due process clause includes a substantive component which guards against arbitrary and capricious government action, even when the decision to take that action is made through procedures that are in themselves constitutionally adequate." *Halverson v. Skagit Cty.*, 42 F.3d 1257, 1261 (9th Cir. 1994), as amended on denial of reh'g (Feb. 9, 1995) (quoting *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1407 (9th Cir.1989). States are required "to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released," and to provide "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000)

(citations omitted). Although the state enjoys wide latitude in developing treatment regimens, the courts may take action when there is a substantial departure from accepted professional judgment or when there has been no exercise of professional judgment at all. *Id.* A person committed based on mental incapacity has a due process right to receive "such individual treatment as will give [him] a realistic opportunity to be cured or to improve his ... mental condition ... because, absent treatment, [he] could be held indefinitely as a result of [his] mental illness." *Ohlinger v. Watson*, 652 F.2d 775, 778 (9th Cir. 1980) (internal citations omitted). Thus, a person committed based on mental incapacity has a due process right to receive "such individual treatment as will give [him] a realistic opportunity to be cured or to improve his ... mental condition ... because, absent treatment, [he] could be held indefinitely as a result of [his] mental illness." *Ohlinger*, 652 F.2d at 778 (internal citations omitted).

Although civilly detained persons must be afforded more considerate treatment and conditions of confinement than convicted defendants, where specific standards are lacking, courts may look to decisions defining the constitutional rights of prisoners to establish a floor for the constitutional rights of persons detained under a civil commitment scheme, *Padilla v. Yoo*, 678 F.3d 748, 759 (9th Cir. 2012) (citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007), vacated and remanded on other grounds by 556 U.S. 1256 (2009), and may borrow Eighth Amendment standards to do so, *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991), abrogated on other grounds by 511 U.S. 825 (1994). But the conditions under which civil detainees are held cannot be harsher than those under which prisoners are detained except where the statute itself creates a relevant difference. *Hydrick*, 500 F.3d at 989 n.7.

The Due Process Clause requires that the nature and duration of the civil commitment must bear some reasonable relation to the purpose for which the individual is committed. *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004). However, civilly detained individuals can be subject to restrictions that have a legitimate, non-punitive government purpose and that do not appear to be excessive in relation to that purpose. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "A reasonable relationship between the governmental interest and the challenged restriction does not require an

7

exact fit, nor does it require showing a 'least restrictive alternative.' " *Valdez v. Rosenbalm*, 302 F.3d 1039, 1046 (9th Cir. 2002) (citations omitted). The only question is whether the defendants might reasonably have thought that the policy would advance its interests. *Id. Jones v. Blanas*, 393 F.3d 918, 933 (9th Cir. 2004)("due process requires that the conditions and duration of confinement ... bear some reasonable relation to the purposes for which persons are committed.")

Liberally construing the allegations, Plaintiff states a cognizable claim for failure to treat Plaintiff under the Fourteenth Amendment Due Process clause, which requires states to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released. Taking Plaintiff's factual allegations as true, Plaintiff has already remained civilly committed for years and for two years has had minimal to no treatment due to the policy of Defendant Clendenin and Price.  To prove liability for an action or policy, the plaintiff "must...demonstrate that his deprivation resulted from an official policy or custom established by a...policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washing*ton, 594 F.3d 707, 713 (9th Cir.2010). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). Absent a treatment plan and treatment, Plaintiff is left without an opportunity to cure or improve his mental illness and no prospect of ever being released. These facts constitute injury stemming from Defendants' alleged policy of failure to treat Plaintiff.

### C.     Equal Protection

The Equal Protection Clause requires the State to treat all similarly situated people equally. *See City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). This does not mean, however, that all prisoners must receive identical treatment and resources. *See Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972); *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Allen v. Toombs*, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts

plausibly showing that ' "the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,' " (citing see *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agr.*, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not stated a cognizable equal protection claim. Plaintiff does not allege that he was discriminated against because of his membership in any protected class. He also does not allege factual support that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Plaintiff has not provided any factual support for this claim. Plaintiff has failed to cure this deficiency.

**D.     Injunctive Relief**

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter, 555 U.S. at 20). The Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. *Zepeda v. United States Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir.1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983) (Federal courts are courts of limited jurisdiction and in considering a injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.) In any amended complaint, Plaintiff should allege

the type of injunctive relief requested.  The injunctive relief Plaintiff is seeking may go beyond what would be allowed as it must be narrowly tailored to address the violations of the rights at issue in this action and is too ambiguous and vague. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988). Therefore, the Court cannot grant broad requests for relief or requests based on the possibility of an injury.

### IV.     Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's first amended complaint, filed on April 25, 2022, states a cognizable claim  against Defendant Stephanie Clendenin, Director of Department of State Hospitals and Brandon Price, Executive Director as DSH-Coalinga for failure to treat Plaintiff under the Fourteenth Amendment Due Process clause due to their policy. However, Plaintiff's complaint fails to state any other cognizable claims for relief. Despite being provided the relevant pleading and legal standards, Plaintiff has been unable to cure deficiencies. Therefore, leave to amend should not be granted.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed April 25, 2022, (ECF No. 11), against Defendant Stephanie Clendenin, Director of Department of State Hospitals and Brandon Price, Executive Director as DSH-Coalinga for failure to treat Plaintiff under the Fourteenth Amendment Due Process clause due to their official policy; and
2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified

///

///

time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 14, 2022**   /s/ Barbara A. McAuliffe
                            UNITED STATES MAGISTRATE JUDGE