# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN FLETCHER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CLENDENIN, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:22-cv-00249-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION (1) TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT; (2) FOR AN ORDER FOR SECURITY; (3) FOR ENTRY OF A PREFILING ORDER; AND (4) REQUEST FOR STAY<br><br>(ECF No. 25)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Allan Fletcher ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to the California Welfare and Institutions Code § 6600 *et seq.* are considered civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000). This action proceeds on Plaintiff's first amended complaint against Defendants Clendenin and Price for failure to treat Plaintiff under the Fourteenth Amendment Due Process Clause due to their official policy.

**I.　Defendants' Motion to Declare Plaintiff a Vexatious Litigant**

　　　　On November 17, 2022, Defendants filed a motion to declare Plaintiff a vexatious litigant. (ECF No. 25.) Following the expiration of the opposition deadline, Defendants filed a reply on

1

1   January 6, 2023.  (ECF No. 26.)  In response to the Court's order to show cause, Plaintiff timely
2   filed an opposition on February 6, 2023.  (ECF Nos. 27, 28.)  Defendants filed a supplemental
3   reply on February 21, 2023.  (ECF No. 30.)  The motion is deemed submitted.  Local Rule 230(l).

4        Defendants move, pursuant to Local Rule 151(b), for: (1) an order declaring Plaintiff a
5   vexatious litigant; (2) an order requiring Plaintiff to post security in the amount of $5,000 before
6   further litigating this case; (3) a prefiling order prohibiting Plaintiff from filing any new litigation
7   in the courts of this State *in propia persona* without first obtaining leave of the presiding judge
8   where the action is commenced; and (4) an order staying this action until the motion is ruled on.
9   (ECF No. 25.)  Defendants state that Local Rule 151(b) expressly adopts the provisions of the
10  California Code of Civil Procedure on the issue of vexatious litigants and sets forth California's
11  vexatious litigant statutes at sections 391–391.6.  Defendants contend that Plaintiff is a vexatious
12  litigant under Code of Civil Procedure section 391.1 because he has commenced, prosecuted, and
13  maintained at least nine civil actions in state and federal court that were finally determined
14  against him in the last seven years.  In addition, Plaintiff is unlikely to prevail in the instant case
15  because it is barred by the doctrine of res judicata, and therefore he should be required to post
16  security.  Finally, a prefiling order is appropriate to deter Plaintiff's pattern of unmeritorious
17  litigation, and the Court should stay the case until the motion is denied or, if the motion is
18  granted, until the required security has been furnished.  (*Id.*)

19       In opposition, Plaintiff argues that the Court's screening order, adopted in full by the then-
20  assigned District Judge, precludes the filing of Defendants' motion because it found that Plaintiff
21  stated cognizable claims.  (ECF No. 28.)  Plaintiff further contends that he is likely to succeed on
22  the merits, the relief sought in this action will serve the public interest, and granting the relief
23  requested by Defendants will broadly infringe on Plaintiff's access to the Court in matters
24  unrelated to state custody or process and would arguably be unconstitutional.  Plaintiff further
25  argues that in all the prior and pending cases cited as examples of his vexatiousness, he has done
26  his best to follow court rules and act appropriately.  (*Id.*)

27       In reply, Defendants argue that their motion is not unconstitutional, the Court's screening
28  order does not serve as a defense against Defendants' motion, Plaintiff has misrepresented the

outcome of at least one of his prior lawsuits and otherwise fails to dispute that the prior adverse decisions qualify him as a vexatious litigant, and Plaintiff has failed to address Defendants' evidence establishing that they are likely to prevail. (ECF No. 30.)

## II. Legal Standards

"District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). The Eastern District of California has adopted the California Code of Civil Procedure as it relates to vexatious litigants, without limiting the power of the Court. Local Rule 151(b). Under the California Code of Civil Procedure, "a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security" subject to a showing "that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant." Cal. Code Civ. Proc. § 391.1.

While California law provides the procedure for declaring a litigant vexatious, the federal substantive law governs the determination, as the power is derived from the All Writs Act, 28 U.S.C. § 1651(a). *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Under federal law, pre-filing orders are considered an extreme remedy, and should be used cautiously to avoid prejudice to a litigant's due process right of access to the courts. *Id.* Four requirements must be met before declaring a litigant vexatious and entering a pre-filing order: (1) provide the litigant notice and a chance to be heard, (2) create an adequate record for review, (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions, and (4) ensure any pre-filing order is "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1147–48.

The Ninth Circuit has held that the court must make a specific finding of "bad faith or conduct tantamount to bad faith" prior to imposing pre-filing sanctions against a vexatious litigant. *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). "To make such a finding, the district court needs to look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *De Long*, 912 F.2d at 1148 (citations and internal quotation marks

omitted). In other words, "[a]n injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).

**III.     Discussion**

To the extent Plaintiff argues that California's vexatious litigant statute itself is unconstitutional, the Ninth Circuit has found that it is not vague or overbroad, because it gives fair notice to those who might violate the statute and there is no constitutional right to file frivolous litigation. *Wolfe v. George*, 486 F.3d 1120, 1125 (9th Cir. 2007). Plaintiff's argument that the imposition of a pre-filing order or a security requirement would hinder his constitutional rights is therefore unavailing. Under the statute, a vexatious litigant may nevertheless file potentially meritorious claims that are not intended solely to harass or delay. *Id.*

As to whether imposition of a pre-filing order or a security requirement is appropriate here, Defendants argue that Plaintiff "qualifies as a vexatious litigant under California's statutory scheme." (ECF No. 25-1, p. 17.) However, Defendants do not argue that Plaintiff meets the *federal* standard for a vexatious litigant. While Defendants generally characterize Plaintiff's filings and complaints as unmeritorious and frivolous, the crux of the motion focuses on the number of unsuccessful lawsuits filed. But simply demonstrating that Plaintiff has filed and lost a certain number of lawsuits is insufficient for the Court to make the specific finding of "bad faith or conduct tantamount to bad faith" required under federal law. *Fink*, 239 F.3d at 994. Defendants' argument that Plaintiff is unlikely to prevail due to the doctrine of res judicata, while potentially dispositive of the instant action, is insufficient for the Court to make the specific finding of bad faith required to grant the relief requested in Defendants' motion.

Based on the information currently before the Court, Defendants have failed to meet their burden to demonstrate that Plaintiff is a vexatious litigant under the applicable *federal* legal standards. As Defendants have failed to make a threshold showing that Plaintiff is a vexatious litigant under federal law, the Court declines to address Defendants' argument that Plaintiff is not likely to succeed on the merits in this case.[1]

---

[1] Defendants are not precluded from raising the issue of res judicata in a later motion to dismiss.

With respect to Defendants' request to stay this action, the Court finds a stay unnecessary. At this time, there are no pending deadlines, and the Court will issue an order setting any new deadlines following the resolution of Defendants' motion.

### IV. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to declare Plaintiff a vexatious litigant, (ECF No. 25), be DENIED, without prejudice to refiling a motion to declare Plaintiff a vexatious litigant that is consistent with the legal standards discussed above.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 27, 2023**                    /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE