# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN FLETCHER,<br><br>          Plaintiff,<br><br>     v.<br><br>CLENDENIN, *et al.*,<br><br>          Defendants. | Case No. 1:22-cv-00249-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS<br><br>(ECF Nos. 45, 47)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Allan Fletcher ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to the California Welfare and Institutions Code § 6600 *et seq.* are considered civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000). This action proceeds on Plaintiff's first amended complaint against Defendants Clendenin and Price ("Defendants") for failure to treat Plaintiff under the Fourteenth Amendment Due Process Clause due to their official policy.

For the reasons that follow, the Court recommends that this action be dismissed, without prejudice.

**I.     Background**

On August 26, 2024, Defendants filed a motion for summary judgment, together with a request to seal a declaration in support of the motion for summary judgment. (ECF Nos. 43, 44.)

1

In the Court's second informational order, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 45.) Plaintiff's opposition to the motion for summary judgment and request to seal were therefore due on or before September 20, 2024. (ECF No. 45.)

On October 7, 2024, Plaintiff filed a request for an extension of time to respond to Defendants' motion for summary judgment. (ECF No. 46.) The Court granted the request, in part, and directed Plaintiff to file his opposition to Defendants' motion for summary judgment within thirty days. (ECF No. 47.) Plaintiff was warned that failure to comply with the Court's order would result in dismissal of this matter, without prejudice, due to Plaintiff's failure to oppose the motion for summary judgment and failure to prosecute. (*Id.*)

Plaintiff has failed to submit any response to Defendants' motion for summary judgment and has not otherwise communicated with the Court.

**II.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

2

1   cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779
2   F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

3     Here, the action has been pending since 2022, and Plaintiff's response or opposition to
4   Defendants' motion for summary judgment is overdue.  Plaintiff was warned that his failure to
5   comply with the Court's order would result in dismissal of this action, with prejudice, for failure
6   to prosecute.  Plaintiff has failed to comply.

7     Plaintiff is obligated to comply with the Local Rules and was informed by the Court of
8   the need to oppose a motion for summary judgment.  Despite Plaintiff's duty to comply with all
9   applicable rules and the Court's notice, Plaintiff did not file an opposition.  The Court cannot
10  effectively manage its docket if a party ceases litigating the case.  Thus, both the first and second
11  factors weigh in favor of dismissal of this action.

12    The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because
13  a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
14  action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Because public policy favors
15  disposition on the merits, the fourth factor usually weighs against dismissal. *Pagtalunan v.*
16  *Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party
17  whose responsibility is to move a case toward disposition on the merits but whose conduct
18  impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA)*
19  *Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

20    Finally, the Court's warning to a party that failure to obey the Court's order will result in
21  dismissal satisfies the "considerations of the alternatives requirement." *Ferdik*, 963 F.2d at 1262;
22  *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's October 9, 2024 order
23  granting in part Plaintiff's motion for an extension of time expressly warned Plaintiff that if he
24  failed to comply with that order, this matter would be dismissed, with prejudice, for failure to
25  prosecute.  (ECF No. 47.)  Thus, Plaintiff had adequate warning that dismissal of this action could
26  result from his noncompliance.  At this stage in the proceedings there is little available to the
27  Court which would constitute a satisfactory lesser sanction while protecting the Court from
28  further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis*

3

in this action, making monetary sanctions of little use. Further, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to expend resources resolving an unopposed dispositive motion in a case which Plaintiff is no longer prosecuting.

**III.     Recommendation**

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to prosecute and for failure to obey court orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **December 2, 2024**           /s/ Barbara A. McAuliffe           _
                                          UNITED STATES MAGISTRATE JUDGE

4